UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CECILIA A. JONES and WILHELMINA P.
JONES,

                    Plaintiffs,

                    MEMORANDUM & ORDER
      -against-                14-CV-6076(JS)(AYS)

ARTHUR G. PITTS,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Cecilia A. Jones, pro se
                    Wilhelmina P. Jones, pro se
                    3 Teller Avenue
                    Riverhead, NY 11727

For Defendant:      Ralph Pernick, Esq.
                    New York State Attorney General's Office
                    200 Old County Road, Suite 240
                    Mineola, NY 11501

SEYBERT, District Judge:

       Pro se plaintiffs Cecilia A. Jones and Wilhelmina P. Jones ("Plaintiffs") commenced this action on October 16, 2014 against defendant Judge Arthur G. Pitts ("Judge Pitts"), an acting New York State Supreme Court Justice, asserting various constitutional claims arising out of a pending state court mortgage foreclosure action over which Judge Pitts previously presided. Judge Pitts has moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 6.) For the following

reasons, Judge Pitts' motion to dismiss is GRANTED and the Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

BACKGROUND

Plaintiffs, residents of Coram, New York, are currently defendants in a pending mortgage foreclosure action brought by Fremont Investment and Loan ("Fremont") in the New York State Supreme Court, Suffolk County. On August 28, 2014, Fremont moved for a judgment of foreclosure and sale in the foreclosure action. (Def.'s App., Docket Entry 6-2, at 1[1].) Judge Pitts, assuming Fremont's motion was unopposed, granted Fremont's motion that same day and entered a Judgement of Foreclosure and Sale against Plaintiffs. (Def.'s App. at 1.) However, by order dated October 8, 2014, Judge Pitts vacated the Judgement of Foreclosure and Sale and directed Fremont to refile its motion. (Def.'s App. at 1.) According to Judge Pitts' order, he was "under the impression that [Fremont's] motion was unopposed" and that Plaintiffs' "opposition papers were misplaced and [ ] yet to be found." (Def.'s App. at 1.) Plaintiffs filed this action the same day alleging that Judge Pitts violated several of their constitutional rights. The Complaint is confusing, but the gist of Plaintiffs' claim is that Judge Pitts violated their rights when he failed to consider their

---

[1] Page numbers of the appendix referenced herein refer to the page numbers supplied by the Electronic Case Filing system.

opposition papers to Fremont's motion for judgment of foreclosure and sale. (See Compl. ¶ 5.)

Judge Pitts has moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 6.) The motion is fully briefed and currently pending before the Court.[2]

DISCUSSION

I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional

---

[2] One December 30, 2014, Judge Pitts filed a motion requesting that the Court grant his motion to dismiss as unopposed. (Docket Entry 8.) However, before the Court could address Judge Pitts' motion, Plaintiffs requested an extension of time to file a late opposition, which the Court granted on February 5, 2015. Accordingly, Judge Pitts' request that this Court treat his motion to dismiss as unopposed is DENIED AS MOOT.

questions. See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008).

II. Judge Pitts' Motion

Judge Pitts argues that Plaintiffs' claims are moot and that the Court therefore lacks subject matter jurisdiction over this action. (See Def.'s Br., Docket Entry 6-1, at 5-6.) The Court agrees.

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013) (citation omitted). "[A]n actual controversy must be extant at all stages of review." Id. (citation omitted). Thus, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Id. (internal quotaion marks and citation omitted).

Here, Plaintiffs take issue with the fact that Judge Pitts entered a Judgment of Foreclosure and Sale against them without first considering their opposition papers. However, Judge Pitts vacated his order on October 8, 2014 and directed Fremont to refile its motion for judgment of foreclosure and sale, rendering Plaintiffs' claim moot. (Def.'s App. at 1.) Additionally, Judge Pitts recused himself from Plaintiffs' foreclosure action on

4

January 23, 2015, and the action has been reassigned to a new judge. (Def.'s Reply App., Docket Entry 11-2, at 1.) Accordingly, Judge Pitts' motion to dismiss this action is GRANTED and the Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

III. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)). Here, granting leave to replead would be futile since the Court has dismissed Plaintiffs' entire Complaint for lack of subject matter jurisdiction. Accordingly, Plaintiffs are not granted leave to replead.

CONCLUSION

For the foregoing reasons, Judge Pitts' motion to dismiss (Docket Entry 6) is GRANTED and the Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. Judge

5

Pitts' motion requesting that the Court deem his motion to dismiss as unopposed (Docket Entry 8) is DENIED AS MOOT.  The Clerk of the Court is directed to enter judgment accordingly, mark this case CLOSED, and mail a copy of this Memorandum and Order to pro se Plaintiffs.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  2 , 2015
       Central Islip, NY